IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

UNITED STATES OF AMERICA      )
                              )
        v.                    )      1:18CR297-1
                              )
ALITO TIJWAN CROSS            )

## MEMORANDUM ORDER

Before the court is pro se Defendant Alito Tijwan Cross's motion for compassionate release. (Doc. 85.) The Government has responded in opposition. (Docs. 87, 88.) For the reasons stated below, the motion will be denied.

## I. BACKGROUND

In October 2018, Cross pleaded guilty to two counts of interference with commerce by robbery (Hobbs Act robbery) in violation of 18 U.S.C. § 1951(a). (Doc. 18 at 1.) On March 1, 2019, the court sentenced him to 120 months of imprisonment and three years of supervised release for each count, to run concurrently. (Doc. 26 at 2–3.) Cross is currently incarcerated at FCI Butner (Doc. 89 at 1) and has an expected release date of May 8, 2026 (Doc. 87 at 1; see also Fed. Bureau of Prisons, Find an Inmate, at https://www.bop.gov/inmateloc/ (last accessed July 24, 2023)). He is approximately 45 years old. (Doc. 85 at 8.)

In August 2020, Cross filed a motion for compassionate release, citing the COVID-19 pandemic in combination with his medical conditions, specifically diabetes. (Doc. 51.) The court

denied that motion. (Doc. 56 at 6 ("A review of Cross's medical records shows his blood glucose levels are regularly monitored, he has a number of prescriptions to manage his diabetes, and he regularly receives insulin injections based on his blood glucose level.").) The court also concluded that, even if extraordinary and compelling reasons existed, Cross's early release would not be appropriate considering the § 3553(a) factors. (Id. at 7.)

In September 2021, Cross filed a second motion for compassionate release, this time arguing his mental health conditions, including schizophrenia, warranted early release. (Doc. 65.) In denying that motion, the court noted Cross was receiving effective treatment for his mental health conditions. (Doc. 73 at 6 ("Cross has received regular treatment from BOP Health Services for his mental health conditions" and "is currently prescribed medication to manage [his] schizophrenia.").) The court again noted that "even assuming extraordinary and compelling reasons existed, early release would not be appropriate in this case in light of the § 3553(a) factors." (Id. at 8.)

Cross now moves for compassionate release for a third time, explaining his diabetes and schizophrenia have "worsen[ed]," thereby "ma[king] life in prison overly difficult." (Doc. 85 at 1-2.) Specifically, Cross claims that "without" certain medication to ameliorate the effects of his illnesses, he has "los[t] consciousness 4 times" and been left "in a transfixed

2

State, oblivious to any and everything that is going on in [his] surroundings." (Id. at 1.) He also claims that "[b]eing diabetic puts [him] at risk by making [him] highly susceptible to many other diseases" and states he is beginning "to deal with hypertension." (Id. at 2.) These illnesses, he concludes, can be "managed better in society by proper diet and appropriate exercise that is unavailable in prison." (Id.) Finally, Cross cites his work in "evidence based recidivism programs" to reduce his recidivism risk from high to medium. (Id.) The Government has responded in opposition, arguing that none of these circumstances is extraordinary and compelling and, even if they were, the § 3553(a) factors caution against early release. (Doc. 87 at 7-14.)

**II. ANALYSIS**

"Federal law has long authorized courts to reduce the sentences of federal prisoners facing extraordinary health conditions," but prior to the passage of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, district courts could grant such reductions only upon a motion by the Director of the Bureau of Prisons ("BOP") pursuant to 18 U.S.C. § 3582(c)(1). United States v. Beck, 425 F. Supp. 3d 573, 577-78 (M.D.N.C. 2019); see United States v. Bethea, 54 F.4th 826, 831 (4th Cir. 2022). However, Congress amended § 3582(c)(1) when it passed the First Step Act. Pertinent here, the First Step Act added a provision to § 3582(c)(1) that allows a defendant to bring a motion for

3

compassionate release directly in a district court after either "the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

Once the exhaustion requirement is met, a defendant must either (1) have "extraordinary and compelling reasons" for a compassionate release or (2) be at least 70 years old, have served at least 30 years in prison, and have the Director of the BOP determine that the defendant is not a danger to the public. (Id.) The defendant bears the burden of establishing extraordinary and compelling reasons to justify release. See United States v. Newton, 996 F.3d 485, 488 (7th Cir. 2021); United States v. Hargrove, 30 F.4th 189, 195 (4th Cir. 2022). Further, while a court need not address every argument raised by a defendant, it must fully explain its decision in light of the particular circumstances of each case. United States v. Osman, No. 21-7150, 2022 WL 485183, at *2 (4th Cir. Feb. 17, 2022)[1] (citing United States v. High, 997 F.3d 181, 188-89 (4th Cir. 2021)). Additionally, a court, in considering a reduction in sentence

---

[1] Unpublished opinions of the Fourth Circuit are not precedential but can be cited for their persuasive, but not controlling, authority. See Collins v. Pond Creek Mining Co., 468 F.3d 213, 219 (4th Cir. 2006).

pursuant to § 3582(c)(1)(A), must consult the sentencing factors set forth in 18 U.S.C. § 3553(a) and may grant the reduction if it finds it is "consistent with [the] applicable policy statements" issued by the United States Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A).

United States Sentencing Guideline § 1B1.13 essentially reiterates the requirements of § 3582(c)(1)(A), with the additional provision that a defendant not be "a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2); see also Beck, 425 F. Supp. 3d at 578. The application notes to § 1B1.13 provide examples of extraordinary and compelling reasons to grant a compassionate release, including when an inmate is suffering from a debilitating medical condition that has "substantially diminishe[d] the ability of the [inmate] to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13 application note 1(A)(ii).

Because until recently the Sentencing Commission lacked a quorum, it had not updated its policy statements on compassionate release since the First Step Act was signed into law in December 2018. See United States v. McCoy, 981 F.3d 271, 282 n.6 (4th Cir. 2020).[2] The current phrasing of §1B1.13 therefore addresses

---

[2] In February 2023, the Commission issued Proposed Amendments to the

scenarios in which the BOP Director files a motion for compassionate release, but not situations in which an inmate files a similar motion under § 3582. As the language of § 1B1.13 limits its application to motions filed by the BOP Director, the Fourth Circuit has held that "§ 1B1.13 does not apply to defendant-filed motions under § 3582(c)(1)(A)." Id. at 282; United States v. Kibble, 992 F.3d 326, 330-31 (4th Cir. 2021). Accordingly, it has stated that "district courts need not conform, under § 3582(c)(1)(A)'s consistency requirement, to § 1B1.13 in determining whether there exist 'extraordinary and compelling reasons' for a sentence reduction." McCoy, 981 F.3d at 283. Section 1B1.13 may be considered as helpful guidance, however, when considering a motion filed by an inmate. Id. at 282 n.7.[3]

Courts do not have unfettered jurisdiction or discretion to

---

Sentencing Guidelines. United States Sentencing Commission, Proposed Amendments to the Sentencing Guidelines, (February 2, 2023), https://www.ussc.gov/sites/default/files/pdf/amendment-process/reader-friendly-amendments/20230201_RF-proposed.pdf. These amendments were adopted and submitted to Congress on April 27, 2023, and will take effect on November 1, 2023, in the absence of Congressional action. United States Sentencing Commission, Amendments to the Sentencing Guidelines, (April 27, 2023), https://www.ussc.gov/sites/default/files/pdf/amendment-process/reader-friendly-amendments/202305_RF.pdf. Though these proposed amendments are not yet in effect, none would alter the court's analysis contained herein.

[3] The majority of circuits appear to follow this view that § 1B1.13 does not apply to defendant-filed motions under § 3582(c)(1)(A). See United States v. Jackson, 27 F.4th 1088, 1090 n.1. (5th Cir. 2022) (noting that this view is held by the First, Second, Third, Fourth, Fifth, Sixth, Seventh, Ninth, Tenth, and D.C. Circuits, but is rejected by the Eleventh Circuit).

modify criminal sentences. See United States v. Goodwyn, 596 F.3d 233, 235 (4th Cir. 2010) ("The law closely guards the finality of criminal sentences against judicial change of heart.") (internal quotations omitted). A court may modify a sentence only when a provision in the Federal Rules of Criminal Procedure or a statute, such as 18 U.S.C. § 3582(c), expressly permits it to do so. Even then, § 3582(c) is appropriately invoked only in unusual situations or, as the Fourth Circuit counseled, the "most grievous cases." McCoy, 981 F.3d at 287; see Osman v. United States, Crim. No. 2:10-cr-57-5, 2023 WL 3765246, at *4 (E.D. Va. June 1, 2023) ("The Senate Judiciary Committee report on the Sentencing Reform Act explained that compassionate release would address 'unusual cases in which an eventual reduction in the length of a term of imprisonment is justified by changed circumstances.'" (citations omitted)). It is not a vehicle for repeated reconsideration of sentences as a way to circumvent the general rule of finality. See Goodwyn, 596 F.3d at 235-36.

The compassionate release statute requires a defendant to either "fully exhaust[] all administrative rights to appeal" the BOP's failure to bring a motion on the defendant's behalf or "the lapse of 30 days from the receipt of such a request by the warden," whichever is earlier. § 3582(c)(1)(A); see also United States v. Alam, 960 F.3d 831, 836 (6th Cir. 2020) (noting that after "their initial petition to their wardens . . . prisoners can pursue

7

administrative review.  If that also comes up short (or if 30 days pass), prisoners have the option to go to federal court"). Here, the Government concedes Cross exhausted his administrative remedies.  (Doc. 87 at 3-4.)  The court must therefore consider whether he has demonstrated extraordinary and compelling reasons warranting a reduction in his sentence.

   A.   **Extraordinary and Compelling Reasons**

Cross argues his chronic medical conditions, diabetes and schizophrenia, constitute extraordinary and compelling reasons for his early release.  (Doc. 85 at 1-2.)  The court considered (and rejected) substantially similar arguments in Cross's previous motions for compassionate release, but Cross now contends his condition has worsened and his medical care level has been changed "from a '2' to a '3.'" (Id. at 1.)  However, Cross has not provided any new evidence that he lacks "the ability . . . to provide self-care within the environment of a correctional facility" due to his ailments.  See U.S.S.G. § 1B1.13 application note 1(A)(ii).  To the contrary, his medical records suggest he is being treated effectively by the BOP.  They reflect at least fifteen distinct interactions with medical providers in the three months leading up to his motion.  (Doc. 88 at 3-43.)  The same records show medical personnel are monitoring his need for medication to address his schizophrenia and diabetes, and his prescriptions are adjusted as necessary.  (See id. at 14, 17, 21, 25, 26, 33, 40, 42, 45, 52,

8

59, 60 (medication orders between June 2 and October 24, 2022).) To the extent his diabetes has worsened, the change appears to result from Cross's own choices rather than lack of access to medical care. In the same document recording the increase of his medical care level to "3," the doctor notes that Cross had refused several doses of insulin and had "purchased 128 items that are not consistent with a diabetic diet" in the prior 60 days. (Id. at 112.) The Government's response highlights several other similar instances of "poor eating habits" evident in Cross's medical records. (Doc. 87 at 9-12.) Cross's claim that the ability to maintain a "proper diet" is "unavailable in prison" (Doc. 85 at 2) is belied by his own disregard for healthy eating. Because Cross's medical concerns are being promptly addressed by the BOP, and because he has avenues to improve his health by complying with medical providers' dietary recommendations, his chronic conditions do not constitute extraordinary and compelling reasons justifying his release. See United States v. Wax, Crim. No. 14-251, 2020 WL 3468219, at *3 (D.N.J. June 25, 2020) (where the BOP was "adequately managing Defendant's medical care," his hypertension and obesity did not require compassionate release); United States v. Freeman, 617 F. Supp. 3d 386, 395 (E.D. Va. 2022) (release not warranted where BOP staff "managed [Defendant's] medical problems [including diabetes and hypertension] as they arose, closely

9

monitored his status, [and] prescribed him medication and adjusted his prescriptions as needed").

Cross finally contends he has "worked in evidence based recidivism programs to get [his] recidivism risk down from a high to a medium." (Doc. 85 at 2.) While such efforts are commendable, the application notes to § 1B1.13, which the court acknowledges are not binding but can be considered for their persuasive value, make clear that "rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement." U.S.S.G. § 1B1.13 application note 3.[4] Therefore, the court finds that Cross's purported rehabilitation while incarcerated is not an extraordinary and compelling reason warranting compassionate release. See United States v. Degante, No. 4:17-CR-00075, 2022 WL 2813716, at *4 (E.D. Tex. July 18, 2022) (denying motion because a defendant's "[r]ehabilitation alone cannot support a claim for sentence reduction"); United States v. Hayes, No. ELH-11-258, 2022 WL 2531538, at *18 (D. Md. July 6, 2022) (denying motion because, while "[d]efendant's rehabilitative efforts are laudable," his rehabilitation was insufficient to

---

[4] The proposed amendments maintain this position, while allowing that "rehabilitation of the defendant while serving the sentence may be considered in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted." United States Sentencing Commission, Amendments to the Sentencing Guidelines, supra n.2, at 11. Even were these amendments in effect, the court would find Cross's arguments regarding his rehabilitation are insufficient to warrant a different outcome.

10

warrant compassionate release).

In sum, considering all of Cross's contentions, including in combination with any risk of disease from COVID-19, the court finds that they do not, alone or in combination, rise to the level of proof of extraordinary and compelling reasons justifying release at this time.

**B. Section 3553(a) Factors**

Even were the court to find that Cross has demonstrated extraordinary and compelling circumstances, the § 3553(a) factors weigh against granting his release.

Section 3553(a) requires a court to impose a sentence that is "sufficient, but not greater than necessary" to comply with the statutory purposes of sentencing. 18 U.S.C. § 3553(a). Importantly, the Fourth Circuit has counseled that the "text of § 3553(a) does not make any factor, or combination of factors, dispositive." Kibble, 992 F.3d at 334-35 (Gregory, C.J., concurring). Thus, the court must consider –

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed –
>
> > (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> >
> > (B) to afford adequate deterrence to criminal conduct;
> >
> > (C) to protect the public from further crimes of the defendant; and

11

>   (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
>
> (4) the kinds of sentence[s] and the sentencing range established for [the applicable offense category as set forth in the guidelines] . . .;
>
> (5) any pertinent policy statement . . . by the Sentencing Commission . . .;
>
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

These factors weigh heavily against Cross's release. As detailed in the court's previous order, Cross is a career criminal with a serious history of violence. He is currently incarcerated for two robberies, and his sentence was enhanced for brandishing a dangerous weapon. (Doc. 24 ¶ 12.) His previous convictions include kidnapping, breaking and entering, multiple robberies with a dangerous weapon, multiple common law robberies, a felony drug conviction, and a prior habitual felon sentence. (Id. ¶¶ 33-38, 41, 42, 47.) Several of his prior robberies involved the use of a handgun. (Id. ¶¶ 35-37.) During his previous terms of probation on state convictions, Cross exhibited poor behavior leading to revocations for reasons including drug use and ten new criminal

12

charges. (Id. ¶¶ 38, 41, 46.)  The serious and violent nature of his underlying conviction and criminal history and the need for the sentence to promote respect for the law, protect the public, and provide just punishment and deterrence militate against his release.

For these reasons, even if Cross had demonstrated extraordinary and compelling reasons to support his compassionate release, the § 3553(a) factors weigh heavily against it.  His motion will therefore be denied.

## III. CONCLUSION

For the reasons stated,

IT IS THEREFORE ORDERED that Cross's motion for compassionate release (Doc. 85) is DENIED.

/s/   Thomas D. Schroeder
United States District Judge

July 26, 2023

13

Case 1:18-cr-00297-TDS   Document 90   Filed 07/26/23   Page 13 of 13